Smith. J.
This was a scire facias to revive a judgment. The original writ was in the name of Janies Kennedy, late sheriff of Charleston District. The judgment was entered up in. the name of Jarpes Kennedy only, ' without the addition. This judgment was signed on the 5th day of November, 1793, and, the scire facias is. sued on the 28th April, 18.10. The defendant pleaded payment:, and relied on the length of time from entering up judgment till the issuing the scire facias, about 16. years, and a half, as sufficient to raise a presumption of payment, without offering any proof of ac« *477 tual payment; and to strengthen that presumption, the defendant’s counsel insisted that he ought to have liberty to prove the constant solvency of the defendant’s testator, and the embarrassment of the plaintiff’s pecuniary circumstances during this interval. Defendant’s counsel also moved for a nonsuit on the ground that the plaintiff in the writ of scire facias had used the name of James Kennedy only; therefore, it varied from the record which had the addition, “late sheriff of Charleston District.” The presiding judge overruled both these motions, and the jury found a verdict for plaintiff. The motion by defendant is to set aside that verdict, and grant a new trial, or nonsuit on an arrest of judgment.
This doctrine of presumption was first taken up by Lord Hale, who only thought it a circumstance from which a jury might presume payment. In this he was followed by Lord Holt and Lord Raymond, and after them Lord Mansfield, who seems to speak positively, that after a lapse of twenty years a bond shall be presumed to be paid. He has said, that in some cases, a less time might be sufficient; and eighteen years had been allowed, by Lord Raymond, to be long enough. But Judge Buller, in the cáse of Oswald v. Leigh, in 1 Durnf. and East, 271, is of opinion that no less than twenty years, could of itself form a presumption ; and says that even twenty years, when no demand has been made, is only a circumstance for the jury to found presumption upon, and is in itself no legal bar; and in this opinion, he only concurs with Lord Hale, who was the founder of this rule. And Judge Buller asserts, that in those cases, when satisfaction of a bond has been presumed within a less period, some other evidence has been given in favor of such a presumption; such as having settled an account in the intermediate time, without any notice having been taken of such a demand ; and this opinion seems to fully satisfy the eighteen years al-. lowed by Lord Raymond.
The argument of the defendant’s counsel, that twenty years was; fixed on, because a bond at five per cent, would in that time double itself; and by our law of seven per cent, it would double in a little more than fourteen years, and, therefore, we ought to adopt that rule- and lessen the time, appears to me to be perfectly fallacious. No such reason is given by Lord Hale, or any of his successors, that! have met with. I think the Engjish rule is twenty years, before the presumption can arise, except accompanied with other particular circumstances, and I can see no reason for lessening it; therefore, I think the defendant must fail on that ground.
I thiol; also the second ground equally untenable, for it appears to *478 me> there was no such variance as the defendant contended for. As the name of plaintiff was mentioned in the original, as “James Kennedy,” and also, “otherwise called James Kennedy, late she"-0^ Charleston District,” he could then enter up his judgment in his name, either with or without the addition of “ late sheriff of Charleston and no advantage could be taken of it on the scire facias.
But even if I should be incorrect in this opinion, it would seem that he could not take advantage of it under the plea of payment; but that nul tiel record was the only plea under which this variance could come properly before the court. I Chitty, 480. I am, therefore, of opinion that a new trial ought to be refused, as well as the motion for nonsuit, and arrest of judgment.
Ghimke, J., concurred.